**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KEJUAN I JENKINS,

     **Plaintiff,**

v.

             **Case No. 24-cv-00476-SPM**

ANTHONY WILLS,
JOSHUA SCHOENBECK,
THOMAS QUINN, and
CHRISTOPHER GARCIA,

     **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Kejuan Jenkins initiated this action while an inmate within the Illinois Department of Corrections (IDOC) pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the Second Amended Complaint, Plaintiff alleges that while at Menard Correctional Center (Menard), he was subjected to mistreatment by Defendants Schoenbeck, Quinn, and Garcia. Specifically, he states that on March 30, 2022, he was transferred to Menard and placed in segregation after receiving a disciplinary ticket for assaulting a staff member. (Doc. 25, p. 6). He claims that on April 2, 2022, Correctional Officers Garcia and Quinn beat and maced him and then took his mattress, increased the water pressure to the sink in his cell causing his cell to flood, and then turned off the water to his cell altogether. (*Id.*). Plaintiff states that he was forced to sleep on the bed's metal frame, which was covered in feces. (*Id.*). On April 6, 2022, Plaintiff alleges that he had a disciplinary hearing on the disciplinary report issued on March 30 for the staff assault. (*Id.*). During the hearing, he asserts that he informed Adjustment Committee Member Schoenbeck about his mistreatment by Garcia and Quinn. (*Id.*). Schoenbeck told Plaintiff that he deserved it

Page 1 of 7

because he had beaten a staff member. (*Id.*). Following the hearing, while escorting Plaintiff back to his cell, Garcia punched Plaintiff in the stomach because Plaintiff had informed the Adjustment Committee about Garcia's misconduct. (*Id.* at p. 7). While in segregation, Plaintiff was denied meals and refused cleaning supplies. (*Id.*). A year later, Plaintiff received another disciplinary report. (*Id.* at p. 7). Following the disciplinary hearing on July 12, 2023, Plaintiff returned to his cell to find that at the direction of Adjustment Committee Member Schoenbeck staff had sprayed his mattress with mace and turned off the water to his cell. (*Id.*). Plaintiff was without running water for seven days. (*Id.*).

Following a merit review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is currently proceeding on the following claims:

| | | |
|---|---|---|
| **Count 1:** | | Eighth Amendment excessive force claim against Garcia and Quinn for spraying Plaintiff with mace and physically assaulting Plaintiff on April 2, 2022. |
| **Count 3:** | | Eighth Amendment excessive force claim against Garcia for punching Plaintiff on April 6, 2022. |
| **Count 4:** | | Eighth Amendment cruel and unusual punishment claim against Garcia, Quinn, and Schoenbeck for repeatedly mistreating Plaintiff while he was in segregation in the spring of 2022. |
| **Count 6:** | | Eighth Amendment cruel and unusual punishment claim against Schoenbeck for directing that Plaintiff's mattress be sprayed with mace and his water turned off on July 12, 2023. |

(Doc. 29).

This matter is before the Court on a Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Wills,[1] Quinn, Garcia, and Schoenbeck. (Doc. 50). Along with the Motion, Defendants filed a Rule 56 Notice informing Plaintiff of the consequences for failing to respond to a motion for summary judgment. (Doc. 52). Plaintiff was advised that any material

---

[1] Defendant Warden Wills is a defendant in his official capacity only for the purpose of implementing any injunctive relief that may be ordered. (Doc. 29, p. 10).

fact that is not disputed will be deemed admitted. (*Id.* at p. 3). Plaintiff did not file a response in opposition. For the reasons set forth below, the Motion for Summary Judgment is granted.

### LEGAL STANDARDS

#### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

#### II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F. 3d 1022, 1025 (7th Cir. 2002). Furthermore, exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

#### III. Grievance Procedures

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance

procedure laid out in the Illinois Administrative Code (grievance procedures). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer (CAO) within two months after receiving the grievance. 20 ILL. ADMIN. CODe § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board (ARB). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO, and copies of "the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023–24.

### ANALYSIS

As discussed, Plaintiff was informed by Defendants of the consequences of failing to respond to the facts asserted in the Motion for Summary Judgment. Plaintiff was also advised in the Initial Scheduling and Discovery Order that "failure to respond to the motion for summary judgment may result in an Order granting the motion." (Doc. 40, p. 4). Despite these warnings, Plaintiff did not put forth any arguments in opposition to Defendants' Motion for Summary Judgment. Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails…to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes

of the motion." The Court therefore deems Plaintiff's failure to respond as an admission to the material facts of the Motion for Summary Judgment on Issue of Exhaustion of Administrative Remedies filed by Defendants. *See Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission, the Court finds that Plaintiff failed to properly exhaust his administrative remedies as to Counts 1, 3, 4, and 6.

According to the record, Plaintiff appealed four grievances with the ARB from 2022 through 2024. (Doc. 51, p. 4).[2] Of these four grievances, only one grievance, Grievance #153-4-22, was filed in compliance with grievance procedures, but, as Defendants argue, Grievance #153-4-22 does not contain the information necessary to exhaust the allegations in this lawsuit.

In Grievance #153-4-22, dated April 11, 2022, Plaintiff complains that the disciplinary report issued on March 30, 2022, was not completed in accordance with Section 504.30. (Doc. 51-2, p. 18). He asks for expungement of the disciplinary report from his file and that he be reclassified as "medium." (*Id.*). The grievance was reviewed at the institutional level and appealed to the ARB. (*Id.* at p. 17). On May 5, 2022, Grievance #153-4-22 was denied by the ARB, who found no violation of Plaintiff's due process rights. (*Id.* at p. 16). Although Plaintiff followed proper grievance procedures, there are no details in the grievance suggesting that Plaintiff is complaining about Defendants' conduct as alleged in the Second Amended Complaint. In the grievance, Plaintiff does not identify or describe the Defendants. Nor does he complain about any use of excessive force against him on April 2, 2022, and again on April 6, 2022, or his conditions in segregation, such as the removal of his mattress and the lack of running water. Grievance #153-4-

---

[2] The Court will not address Plaintiff's request for protective custody, dated February 15, 2024, and subsequent denial by the ARB on March 26, 2024. (Doc. 51-2, p. 7, 10). These documents are irrelevant to Plaintiff's claims in the Second Amended Complaint.

22 in no way alerted prison officials to the issues in this case, and therefore, it cannot serve to exhaust Plaintiff's claims. *See Pyles v. Nwaobasi,* 829 F.3d 860, 867 (7th Cir. 2016).

As for the remaining three grievances that Plaintiff appealed to the ARB, not only do they grieve incidents unrelated to the allegations in this lawsuit, but they are procedurally deficient. A grievance dated April 20, 2022, was received by the ARB without an institutional grievance number or a copy of the grievance itself. (Doc. 51, p. 5; Doc. 51-2, p. 1). According to the ARB IGRV log, the grievance concerned the March 30, 2022 disciplinary report. (*Id.*). The grievance was returned to Plaintiff, as the ARB had previously addressed Plaintiff's complaints concerning the disciplinary report when ruling on Grievance #153-4-22. (*Id.*).

On March 7, 2024, the ARB received another grievance without a grievance number. (Doc. 51-2, p. 12)). The grievance is dated March 4, 2024, and in the grievance, Plaintiff complains about his conditions in protective custody, which began on February 15, 2024, and requests a transfer to another facility. (*Id.* at p. 12, 13). Plaintiff also grieves receiving a "bogus ticket" for sagging his pants. (*Id.* at p. 14). The ARB returned the grievance to Plaintiff because he had not provided a copy of the original grievance and responses from the counselor, grievance officer, and chief administrative officer. (*Id.* at p. 12).

On September 26, 2024, the ARB received Plaintiff's appeal of Grievance #K4-1023-0899, which is dated October 19, 2023. (Doc. 51-2, p. 2-3). According to the grievance officer's response, in Grievance #K4-1023-0899, Plaintiff grieved that he was throwing up blood and not receiving medical care. (*Id.* at p. 3). The ARB returned the grievance because Plaintiff again had not provided a copy of his actual grievance along with his appeal documents. (*Id.* at p. 2).

Nothing in the grievances appealed to the ARB suggests that Plaintiff is grieving the use of excessive force and harassing conduct and mistreatment by Defendants Garcia, Quinn, and

Page 6 of 7

Schoenbeck in the spring of 2022 and again in July 2023. *See Cannon v. Washington*, 418 F. 3d 714, 719 (7th Cir. 2005) (the purpose of the exhaustion requirement is to "alert prison officials to perceived problems and to enable them to take corrective action"). Furthermore, as discussed, Plaintiff did not follow grievance procedures in appealing three of the four grievances. These grievances, therefore, do not exhaust the claims in this case. The Motion for Summary Judgment is granted.

### DISPOSITION

For the reasons provided, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Wills, Quinn, Garcia, and Schoenbeck is **GRANTED**. (Doc. 50). This case is **DISMISSED** without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 12, 2026**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**